CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 MAY 14   PM 2: 47

DEPUTY CLERK_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **COREY JOHNSON,**<br>*Plaintiff*<br><br>**v.**<br><br>**WALNUT PARK, LTD. and**<br>**WALNUT PARK GP, INC.**<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No.:**<br><br>**Complaint for Accommodation**<br>**Discrimination Under the A.D.A.**<br><br>**JURY TRIAL**<br><br>**3-14CV1768-B** |

## *ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

1.    Plaintiff Corey Johnson is an individual with a disability.  Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq* and the Tex. Hum. Res. Code § 121.001 *et seq.*  This Complaint seeks redress for past and continuing discrimination against persons with disabilities and to bring the premises into compliance with the ADAAG[1].  This discrimination is occurring at a shopping plaza on Plano Road, (the "Center").

2.    Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants at this Center.

---

[1] Federal ADA Guidelines for Buildings and Facilities, 28 CFR Part 36, Appendix A, (the "ADAAG").

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

3.      Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

## JURISDICTION

4.      This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over any state claims pertaining to this discrimination under 28 U.S.C. §1367.

## PARTIES

5.      Plaintiff Corey Johnson is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A), and a "Person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4).  He uses a wheelchair for mobility.

6.      Defendant Walnut Park, LTD is a Texas Limited Partnership attempting to do business in Texas. It owns the shopping center in this case.  Secretary of State records indicate that the entity's status is not active.  Its last known registered agent was Michael Grossfeld located at 13601 Preston Road, Ste. 307w, Dallas, Texas 75240.

7.      Defendant, Walnut Park GP, INC. is a Texas for profit corporation doing business in Texas.  It is the general partner of Walnut Park, LTD.  Michael Grossfeld is also listed as the agent for service of process for Walnut Park GP, INC.  His address listed with the Texas Secretary of State is the same, 13601 Preston Road, Ste. 307w, Dallas, Texas 75240.

8.      The two defendants together are herein referred to as the "Defendants" or Landlord. The Landlord presumably "leases to" the tenants who then own or operate the businesses within the Center.  There are numerous different businesses located at the Center, including, but not limited to a Dominoes Pizza. The tenants are jointly and severally responsible for the

access into their premises under the ADA. They have not been joined in this suit at this time in an attempt to save costs and fees in resolving this case. The Center has its own parking and is generally located at 522 N. Plano road and is more particularly described in Dallas County records as WALNUT VILLAGE SHOPPING CENTER BLK 18 PT LOT 21 ACS 3.929. The real property is referred to as the Center and has a value just under 2 million dollars, approximately, $1,900,000.00.

## BACKGROUND

8.     More than 20 years ago Congress determined that disabled people, such as the Plaintiff, were being discriminated against by businesses, such as the Center. Specifically Congress found *inter alia* the following:

(a)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c)   discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(d)   unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(e)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural,

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

> transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 S.C. 12101(a).

9.      As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*.  That act forms the basis for this action.  The ADA was designed to do several things, specifically among other things:

(a)      to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)      to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 U.S.C. 12101(b).

10.     As a result of Mr. Johnson's disability, using many public accommodations is already difficult.  The Defendants, by failing to comply with the law, continue the discriminatory effects that the law sought to reform.  Under the law, both the landlord who owns the building and the tenants who own or operate the places of public accommodation are liable for the violations of the ADA alleged herein.  <u>As between those parties</u>, allocation of responsibility for complying with the obligations of the ADA may be determined by lease or other contract.[2]  36 C.F.R. 201 (b).

## <u>PRE-SUIT NOTICE WAS ATTEMPTED</u>

11.     Congress provided that the primary enforcement mechanism for the ADA would be private citizens.  Private citizens have been given the right to file suit to enforce this civil

---

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

rights law to assure access to the public accommodations in the United States. The Center is completely under the control of the Defendants. Therefore the existence of the barriers is the responsibility of the Defendants in this case. The Plaintiff has no control of the Center or the fact that he is disabled. The existence and requirements of the ADA are well known and should come as no surprise to any entity operating a business or owning commercial property.

12.     No pre-suit notice is required under the statute. However, despite not being currently active, the Plaintiff attempted to contact the Landlord by letter at its last known registered agent's address. That address was not valid and the mail was returned. There is no obligation for the Plaintiff's counsel to attempt to track down the defendant entities. At any time prior to the filing of this suit the Defendants could have complied with the law and avoided this suit. They chose not to. Mr. Johnson is now exercising his right, granted by Congress, to require that the Defendants comply with the law.

## FACTS

13.     Mr. Johnson uses a wheelchair for mobility. Mr. Johnson lives in Dallas Texas and attempted to use the Center within the last year.

14.     The Center is an open air shopping Center or "strip center". It has its own parking. The Center has several key architectural barriers. First of all there is an insufficient amount of accessible parking  considering the total number of parking spaces at the Center. Further, there is not an accessible route into the businesses from the parking. The portion of the Center that includes the Dominoes does not have any accessible parking serving that section.

---

[2] The Tenants have not been formally joined yet in an effort to try and resolve this case without that additional complication.

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

There is no accessible route into the front door of the Dominoes from any accessible parking at the Center. There is no accessible route through the facility. And there is no accessible route the public sidewalk adjacent to the Center to the front door of the businesses at the Center. The types of architectural barriers that exist at the Center are precisely what the ADA was designed to eliminate.

15.    This is not a complete list of the barriers at the Center. A complete list will be provided to the Defendants after discovery is conducted. This listing is merely intended to provide the Defendants with information sufficient to conform to the notice pleading requirements. The Center has not been brought into compliance with the requirements of the ADA over the last 20 years. It was readily achievable for each of the defendants to have removed at least one or more of the architectural barriers at the Center.

16.    Upon each visit Mr. Johnson will encounter some of the above listed architectural barriers at the Center. Despite those barriers he would like to use the Center.

17.    The barriers located at the Center discriminate against him with regards to using the goods, services, facilities, privileges, advantages, and accommodations located at the Center as required by the law.

18.    As a result of the Defendants' conduct and in order to pursue this matter Plaintiff retained counsel with 25 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas. The Plaintiff has agreed to pay his attorney a reasonable fee. Pursuant to his statutory rights, Mr. Johnson will seek to recover his fees and any costs in this litigation from the Defendants if he is the prevailing party in this case.

## CAUSES OF ACTION

### Count 1
### ADA - Failure to Accommodate When Removal was Readily Achievable

19.    The law requires that "[n] o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation"*. 42 U.S.C. §12182(a) (italics added).

20.    A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 CFR part 36.104 Definitions (italics added).

21.    The Center and the business in it are public accommodations.

22.    The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities and public accommodations if that removal is readily achievable.

> Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include --
>
> (1)    The nature and cost of the action needed under this part;
>
> (2)    The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;

28 CFR part 36.104 Definitions

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

23.     The Center has an overall value of over $1,900,000. The Defendants, like the owners or operators of all public accommodations, have known or should have known about the obligation to make alterations to provide access into the Center. It has been readily achievable for the Landlord to have removed some, one, or more of the architectural barriers that exist at the Center. The Landlord has failed to remove some, one, or more of the architectural barriers at the Center that were readily achievable to remove.

24.     The Justice Department has set out the priorities for barrier removal. Specifically, the Justice Department has determined as follows:

> (c)     Priorities. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.
>
> (1)     First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.

28 CFR part 36.304(c) (emphasis added)

25.     The barriers that exist at the Center include non-compliant accessible parking, no accessible route through the facility, and no accessible route from public sidewalks to the front door. More than 20 years after this law went into effect this Center is operating with the exact same types of barriers that would have had existed before the law was passed and which the law was intended to remove. The Defendants have failed to remove the barriers that are the most basic priority in order to provide access to the facility.

26.     The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or

accommodations at the Center in that the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because the Defendants have failed to remove those barriers where the removal was readily achievable.

27.     As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants deprive the Plaintiff of his civil liberties and thereby discriminate against him.

**Count 2**
**ADA - Improper Alterations**

28.     36 C.F.R. 406 provides that, "(a) New construction and alterations subject to this part shall comply with the standards for accessible design published as appendix A to this part (ADAAG)." (emphasis added) As such the law requires that alterations be built in compliance with the ADAAG new construction standards.

    (a)    General.

        (1)    Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

        (2)    An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

    (b)    Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial

## *REQUEST FOR RELIEF*

*Wherefore* Plaintiff respectfully requests that the Court grant the following relief:

32.     An order directing the Defendants to make modifications to the Center to bring it into compliance with Federal law.

33.     An order directing the Defendants to stop discriminating against Mr. Johnson now and in the future.

34.     An award to Plaintiffs for his attorney's fees, including litigation expenses, and costs.

35.     An award to Plaintiff for all other relief legal and equitable which the Court deems just and proper.

Respectfully submitted May 13, 2014 by,

Mr. Palmer D. Bailey
Bar Card No. 01533400
Law Office of Palmer Bailey,
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel.  972.588.1863
Fax. 972.588.1801
pdbaileyesq@gmail.com

**Attorney for Plaintiff**

*Plaintiff demands a trial by jury.*

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| COREY JOHNSON | WALNUT PARK, LTD. and WALNUT PARK GP, INC. |

**(b)** County of Residence of First Listed Plaintiff  **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Palmer D. Bailey, Law Office of Palmer D. Bailey
16633 Dallas Parkway, Ste. 600, Addison, Texas 75501
972.588.1863

Attorneys *(If Known)*

RECEIVED
MAY 1 4 2014
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**3-14CV1768-B**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| | | | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☒ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. 12011 et seq

Brief description of cause:
Complaint for discrimination under the ADA for accommodations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: *(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  5/13/14

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____